## Harvey v. Krizner

*John F. Becker*, for plaintiffs.

*Henninger & Robinson, Lee C. McCandless,* and *Leo M. Stepanian*, for original defendants.

*Frank M. Van Ameringen* and *David F. Weiner,* for additional defendant.

KIESTER, *P. J.*, July 21, 1975—Plaintiffs engaged Carmen V. Marinaro, Esquire, to represent them by examining the title to real estate plaintiffs had agreed to purchase. Due to the incapacity of Attorney Marinaro, Attorney Krizner completed the transaction and issued the certificate of title to plaintiffs.

Before the court are the several objections of defendants to the amended complaint.

The complaint as amended alleges in the trespass action that defendants were negligent in failing to advise plaintiffs that existing mineral rights pertaining to the property being purchased gave the Bessemer and Lake Erie Railroad, for example, the right to dig air shafts. In other succeeding paragraphs, plaintiffs allege similar omissions of defendants.

The count in assumpsit, inter alia, alleges the breach of express or implied warranties to notify plaintiffs of the underlying mineral rights and to explain the same to plaintiffs.

The complaint further recites damages of $6,312 arising from the purchase of mineral and coal rights from Bessemer & Lake Erie Railroad Company.

The amended complaint attached the deed received by plaintiffs which deed contains a coal clause that reads as follows:

"This document may not sell, convey, transfer, include or insure the title to the coal and the right of support underneath the surface land described or

referred to herein, and the owner or owners of such coal may have the complete legal title to remove all such coal, and, in that connection, damage may result to the surface of the land and any house, building, or other structure on or in such land.

"This statement is inserted pursuant to Act 431 of the Commonwealth of Pennsylvania of 1957, P.L. 984, and in and of itself shall not be construed to be an exception or reservation of the coal under the within described premises. Book 941 Page 49."

Also attached to the amended complaint is the certificate of title addressed to plaintiffs. Paragraph 10, "Oil or Mineral Rights," reads:

"Subject to sale of all coal in the 'Freeport seams or measures' under 29.52 acres, together with mining rights, as in Deed recorded 4/22/59 in D. B. 726, p. 150, to J. Sherman McLaughlin."

and Paragraph 15 of the certificate of title says:

"Other Liens, Objections, and Defects:"
"Subject to Oil and Gas Lease at D. B. 108, p. 471, to A. T. Parker. SUBJECT to pipeline Right of Way to American Natural Gas Co. at D. B. 292, page 56."

The pleadings establish that plaintiffs were made aware of the existence of the mineral leases.

The key to plaintiff's theory of liability is that the disclosure of the defects in the title was not enough to fulfill defendants' duty to plaintiffs. Plaintiffs maintain that defendants owed a duty to disclose to plaintiffs the nature and effect of the defects in the title.

Contrary to the assertion of plaintiffs, there is no analogy between the malpractice action in which the surgeon leaves the tube or sponge in the patient and the attorney who fails to advise the client of all the possible implications of a coal lease on the prop-

erty. If the position of plaintiffs is correct, the attorney examining a real estate title could only protect himself by writing a legal opinion advising the client of the effect of every defect on the title. As a general rule, to do so would be quite impractical. The legal effect of most mineral interests depends on facts occurring subsequent to the recorded writing. Certainly no title examiner impliedly contracts to make such an investigation outside the record.

The complaint does not recite facts or circumstances supporting the alleged implied duty to explain to plaintiffs the nature and effect of the mineral leases. Nor does the complaint set forth the express warranties or representations allegedly breached by defendants.

Plaintiffs have failed to submit authority in support of their position. The demurrer to the cause of action will be sustained.

### ORDER

Disposition of the preliminary objections to the complaint raised by defendants is made as follows:

1. Plaintiffs amended the complaint attaching copies of the omitted documents. Therefore the motion for more specific pleadings is denied.

2. On the present state of the pleadings, it is not possible to adjudicate the effect of the statute of limitations. This objection is denied.

3. The objection to the non-joinder of necessary parties is denied.

4. The objection relative to the measure of damages is denied.

5. The complaint fails to state a good cause of action. The demurrer to the complaint is sustained.

Plaintiffs are granted 20 days to file an amended complaint or suffer entry of judgment for defendants.